UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
February 17, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____CM_____
DEPUTY

| | |
|---|---|
| Ronald Jose Lopez Jaimes, § | |
| § | |
| Petitioner-Plaintiff, § | |
| v. § | 5:26-CV-00686-MA |
| § | |
| Todd M. Lyons, et al., § | |
| § | |
| Respondents-Defendants. § | |
| § | |

**OPINION AND ORDER**

The Court now considers Petitioner Ronald Jose Lopez Jaimes's ("Petitioner") "Petitioner for Writ of Habeas Corpus."[1] Petitioner, who is currently in immigration detention, alleges that Respondents are holding him in unlawful custody cognizable in habeas corpus under 28 U.S.C. § 2241 and seeks immediate release.[2] Upon reviewing the petition, response, and applicable law, the Court **DENIES** Petitioner's writ.

**I.    FACTUAL BACKGROUND**

Petitioner is a citizen and national of Venezuela[3] who entered the United States seeking asylum on May 20, 2021.[4] Petitioner was detained at the time of his entry by the Department of Homeland Security (DHS) pursuant to 8 U.S.C. § 1226, issued a Notice to Appear, and released humanitarian parole pursuant to 8 U.S.C. § 1182(d)(5) on June 14, 2021.[5] This parole was not extended, and expired the following year.[6]

---

[1] Dkt. No. 1.
[2] Dkt. No. 1, at 1.
[3] Dkt. No. 1-2, at 2.
[4] Dkt. No. 1, at 4.
[5] Dkt. No. 1, Ex. 5,
[6] Dkt. No. 1, Ex. 1, at 4.

On or around January 20, 2026, Petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") officers without warning, cause, or warrant.[7] Petitioner has remained in detention without the opportunity for bond or a hearing since.[8] His application for asylum remains pending.[9]

Petitioner asserts that he is currently being detained in violation of his due process rights because Respondents failed to secure a warrant or undertake any legal process before arresting him.[10]

Respondents argue that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1225(b)(2), which they argue requires them to detain Petitioner without opportunity for release on bond until his removal proceedings are concluded.[11]

## II.   JURISDICTION AND LEGAL STANDARD

A writ of habeas corpus is used to challenge an arrest, commitment, detention, extradition, bail, or the jurisdiction of a criminal sentence.[12] Under 28 U.S.C. § 2241, district courts may hear habeas corpus challenges to the legality of the detention of noncitizens.[13] The petitioner bears the burden of proving, by preponderance of the evidence, that he is being held contrary to the law.[14]

Petitioner is detained in the Karnes County Immigration Processing Center in Karnes City, Texas, within the Western District of Texas.[15]

---

[7] Dkt. No. 1, at 4.
[8] Dkt. No. 1, at 4.
[9] Dkt. No. 1, Ex. 3.
[10] Dkt. No. 1, at 4.
[11] Dkt. No 8, at 1.
[12] *See Habeas Corpus*, BLACK'S LAW DICTIONARY (11th ed. 2019); 28 U.S.C. § 2241.
[13] *Rasul v. Bush*, 542 U.S. 466, 473 (2004); *see also Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 117 (2020) ("The writ . . . provide[s] a means of contesting the lawfulness of restraint and securing release.").
[14] *Villanueva v. Tate*, No. CV H-25-3364, 2025 WL 2774610, at *4 (S.D. Tex. Sept. 26, 2025) (quoting 28 U.S.C. § 2241(c)(3)).
[15] Dkt. No. 1, at 2.

### III.   ANALYSIS

The parties dispute whether Respondents have statutory authority to detain Petitioner and whether his detention violates the Due Process Clause of the Fifth Amendment. The Court finds, upon review, that Petitioner's detention is lawful.

As Respondents correctly note, the Fifth Circuit has interpreted 8 U.S.C. § 1225(b)(2) as mandating detention for all noncitizens in removal proceedings who are present in the United States but not "clearly and beyond a doubt entitled to be admitted."[16] Petitioner is a noncitizen with ongoing removal proceedings who is present in the United States. Although he has a pending application for asylum, this application alone does not render him "clearly and beyond a doubt entitled to be admitted."[17] Accordingly, the law mandates that Petitioner be detained without bond until his removal proceedings are concluded.[18]

Having established that Respondents have the lawful authority to detain Petitioner, the Court next considers whether Petitioner has been detained in violation of his due process rights. Detention during the pendency of a noncitizen's removal proceedings is "a constitutionally permissible part" of the removal process.[19] Although numerous courts, including this one, have found that a noncitizen on humanitarian parole must be provided with notice and an individualized determination before they can be arrested and re-detained,[20] no such protections exist for a noncitizen whose parole has expired. Because Petitioner has received all procedural safeguards

---

[16] Dkt. No. 8, at 1 (citing *Buenrostro v. Bondi*, No. 25-20496, ---- F.4th ---- 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026).
[17] 8 U.S.C. § 1225(b)(2).
[18] *Buenrostro v. Bondi*, No. 25-20496, ---- F.4th ---- 2026 WL 323330, at *1; *see also Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 222–24 (BIA 2025).
[19] *Denmore v. Kim*, 538 U.S. 510, 526, 530 (2003); *see also Buenrostro v. Bondi*, No. 25-20496, ---- F.4th ---- 2026 WL 323330, at *9.
[20] *See, e.g.*, *Padilla Hernandez v. Raycraft et al.*, No. 1:25-CV-1719, 2025 WL 3730936 at *5 (W.D. Mich. Dec. 26, 2025) (collecting cases).

afforded him under the Constitution, the Court finds that Petitioner's detention does not constitute a violation of his due process rights.

### CONCLUSION AND HOLDING

For the foregoing reasons, the petition for writ of habeas corpus is **DENIED**. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.
DONE this 17th day of February, 2026, in San Antonio, Texas.

*[signature]*
MICAELA ALVAREZ
SENIOR UNITED STATES DISTRICT JUDGE